UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,

                                                          Plaintiff,

-against-

SOVEREIGN SECURITY LLC,

                                                          Defendant.
------------------------------------------------------------------------X

Civil. Action: 19-cv-5845

COMPLAINT

Building Service 32BJ Health Fund (the "Fund"), as and for its Complaint against Sovereign Security LLC ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions to the Fund by electronic transfer as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions when due as per the Fund's rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Fund, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

1

(a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

(b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

(c) 28 U.S.C. Section 1331 (federal question); and

(d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits to those employees eligible to receive them. The Fund maintains its office and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Sovereign Security LLC was and continues to be a Pennsylvania for profit corporation having a principal place of business at 714 Market Street, Philadelphia, PA 19106, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, at all times relevant Defendant is party to the 2015-2019 Philadelphia Security Contractors Agreement (the "Agreement") with the Union. As part of the Agreement, Defendant agreed to make benefit contributions to the Fund on behalf of employees covered by the Agreement. Defendant, at all relevant times, employed covered employees at 1101 Arch Street and 1800 Arch Street, and was and is required to make health fund contributions on these employees' behalf.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8. The Fund repeats and realleges each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9. Pursuant to the Agreements, there became due and owing to the Fund from Defendant benefit contributions from August 1, 2018 through the present date.

10.     Defendant has fallen delinquent in its contributions owed to the Fund, owed between August 1, 2018 through the present date, although all contributions have been duly demanded and the Funds have been damaged in the amount to be determined.

11.     For the period August 1, 2018 through the present date, Defendant failed to pay the Fund no less than $46,857.74 in required contributions, in violation of the Agreement.

12.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Fund constitutes a violation of the Agreements between Defendant and the Union with respect to the Fund as third-party beneficiaries.

13.     Further, for other contributions that were ultimately paid by Defendant, these payments were made late, and Defendant is liable to the Fund for interest payments as per the Agreement, the Fund's Declaration of Trust, and the Fund's collection policy.

14.     Accordingly, Defendant is liable to the Fund for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Fund's attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

15.     The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

17.     Upon information and belief, at all times material hereto, Defendant failed to pay

or timely pay and/or remit the required monetary contributions and/or reports to the Fund when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Fund's plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

19. For the period August 1, 2018 through the present date, Defendant failed to pay to the Fund no less than $46,857.74 in required contributions, in violation of ERISA.

20. Further, for other contributions that were ultimately paid by Defendant, these payments were made late, and Defendant is liable to the Fund for interest payments as per the Agreement, the Fund's Declaration of Trust, and the Fund's collection policy.

21. Accordingly, Defendant is liable to the Fund for the payment and/or submission of the required monetary contributions to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Fund demands judgment:

a. against Defendant for payment of all past due contributions to date, in an amount of not less than $46,857.74,

b. against Defendant for payment of all contributions which become due during the

pendency of this action in accordance with ERISA § 502(g)(2) and the Agreement,

  c. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and the Agreement,

  d. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

  e. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
    June 21, 2019

              RAAB, STURM & GANCHROW, LLP

              By: _____
              Samuel R. Bloom (SB1988)
              Attorneys for Plaintiffs Funds
              2125 Center Avenue
              Suite 100
              Fort Lee, New Jersey
              (Tel) 201-292-0150
              (Fax) 201-292-0152
              Sbloom@rsgllp.com